LEVI PINNEY v. RUFUS G. KIMPTON.

*Payment of Antecedent Debt by Promissory Note. Collateral Security. Accommodation Paper.*

The plaintiff and H. signed a note with K., as his sureties, at which time K. gave the plaintiff a note against the de'endant, payable to K., or bearer, as indemnity. Said last-mentioned note was accommodation paper as between K. and the defendant; but the plaintiff had no knowledge of it. K. subsequently became insolvent, and all his property was divided *pro rata* among his creditors, making a dividend of thirty-five per cent. The plaintiff and H. received their dividend, and thereupon assumed and equally paid the note on which they were sureties; whereupon K. executed his note to the plaintiff, on six months, for the amount the plaintiff had paid as such surety, less said dividend. *Held,* that the plaintiff's claim upon the note against the defendant was not discharged, and that the defendant was liable to him upon it.

ASSUMPSIT on a promissary note for $1,000, dated June 10, 1869, payable to J. E. Kimpton, or bearer. Plea, the general issue, and trial by jury, September term, 1872, REDFIFLD, J., presiding.

It appeared that the plaintiff and Samuel D. Hobson signed a note for $1,000 with John E. Kimpton, and as sureties for him, and that at the time they signed, said Kimpton delivered the note in suit to the plaintiff, as indemnity for becoming his surety. This note was mere accommodation paper in its origin, as between John E. Kimpton and the defendant; but the plaintiff, as the jury found, was not aware of it. John E. Kimpton became insolvent, and his whole property was divided, *pro rata*, among his creditors, and amounted to 35 per cent. On the 18th of June, 1870, the plaintiff and Hobson met John E. Kimpton, and received the 35 per cent. dividend, and thereupon assumed and paid the note on which they were sureties, each paying one half; whereupon John E. Kimpton executed his note for one half the residue, payable to the plaintiff in six months from said date. The defendant claimed that this transaction was such a settlement, that it operated to release all claim to, or right in, the note in suit; and that said note being accommodation paper, and held by the plaintiff as security for signing as surety for John E. Kimpton, the plaintiff's right to it was released by giving time to the principal, John

E. Kimpton. But the court charged the jury, that in the absence of any proof that the defendant was damnified by the plaintiff's taking John E. Kimpton's note on six months, the plaintiff's right to the note would not be released; and also, that the receiving of the dividend of 35 per cent. and the taking of the note for the moiety of the balance unpaid, did not deprive the plaintiff of the right to pursue the note in suit until he was reimbursed the money paid as surety on said note, unless there was some agreement to that effect, and that on that issue, the burden of proof was on the defendant. Verdict for the plaintiff. To the ruling of the court on the points above stated, the defendant excepted.

*Ray*, *Drew*, and *Heywood*, for the defendant.

There was error in the charge of the court in regard to the burden of proof. *Wait* v. *Brewster*, 31 Vt. 527 ; and authorities cited in opinion by ALDIS, J.

When plaintiff and Hobson made their settlement with John E. Kimpton, the plaintiff had no longer any right to the defendant's note, without some agreement to that effect. *Prima facie*, it was a settlement and discharge of the note sued, just as much as it was of the original note of John E. Kimpton.

The defendant's position is analogous to that of a surety. *Mc-Questen* v. *Noyes*, 6 N. H. 19. On the 18th of June, after John E. Kimpton had become insolvent, and his property had been divided among his creditors, the plaintiff knew, or ought to have known, that the defendant's note was merely accommodation paper, and the cancellation of John E. Kimpton's original note, by part payment, and the taking of a new note on six months, would clearly operate to discharge the defendant, if he were only a surety. At all events that transaction gives the defendant the same right to defend against the note in question, as he would have had in case the action were brought by John E. Kimpton. So far as the latter is concerned, the note is without consideration ; and being held as collateral security by the plaintiff, he has so conducted in regard to the principal debt, that he now has no right to enforce payment of the collateral paper, against the de-

12

fendant. *Austin* v. *Curtis*, 31 Vt. 64, 74, 75; *Myers* v. *Wells & Magee*, 5 Hill, 463 ; *Fellows* v. *Prentiss*, 3 Denio, 512.

*Geo. N. Dale*, for the defendant.

The note in suit, as to the plaintiff, was founded on full consideration, and the plaintiff bears the same relation to it he would to a specific piece of property which the defendant and John E. Kimpton informed him belonged to the said John, deposited to secure the plaintiff in what he might do to assist the said John. Now it would be a singular rule of law which would prohibit the plaintiff's settling his matters with J. E. Kimpton—taking a note to show how much remained due from him—or which would forbid the plaintiff's doing all in his power to secure and collect it, so as to release the property pledged as fast as he could.

The note, as to the plaintiff, being founded on full consideration, the defendant does not stand in the relation of security, but as to the plaintiff he is the principal. In the case of *Smith* v. *Steele's Estate*, 25 Vt. 427, the surety was indemnified, and on that ground the court held that he was clearly principal.

In this case a note was deposited with the plaintiff, purporting to be for value received ; and in that emphatic way the defendant announced to the plaintiff that he was fully secure—that he owed John E. Kimpton $1,000. Nothing could more effectually place the defendant in the position of principal. *Farmers* and *Mechanics' Bank* v. *Rathbone*, 26 Vt. 19.

The plaintiff's acting upon the defendant's representations that the note was for full consideration, is a moral estoppel to the defendant's claim. *Harris* v. *Brooks*, 29 Pick. 195. *Dunham et als.* v. *Downer et als.* 31 Vt. 249.

The plaintiff has absolutely paid the debt, against the payment of which the note in suit was given as security ; and taking John E. Kimpton's note, was only securing evidence of the amount due from him, who was all the time, as the case shows, irresponsible. All that was done by the plaintiff, operated for the benefit of the defendant, and in that direction he was bound to proceed with good faith. *Derby* v. *Thrall*, 44 Vt. 413. *Bank of Newbury* v. *Richards et. al.* 35 Vt. 281.

The plaintiff's liability became fixed, and he paid the note he had signed ; that created an absolute debt against John E. Kimpton, and that debt was not affected by the plaintiff's taking his note. It was no payment of the debt, until the note was paid.

The opinion of the court was delivered by

PECK, J. The note in suit having been delivered to the plaintiff by John E. Kimpton as an indemnity to the plaintiff for signing the $1,000 note with Hobson as surety for John E. Kimpton, the plaintiff has a right to hold it and make it available as such indemnity, until he is fully indemnified from such liability incurred upon the faith of it, unless by some new agreement or transaction by him, he has lost that right. The rights of the plaintiff are not affected by the fact that the note in suit, as between the defendant and John E. Kimpton, was an accommodation note, as the jury have found that the plaintiff had no knowledge of that fact. The receipt of the thirty-five per cent. from John E. Kimpton by the plaintiff and his co-surety, Hobson, could have no other effect than to reduce the plaintiff's claim on the note in suit the amount of one-half the sum so paid by John E. Kimpton, the plaintiff and Hobson having each paid one-half the amount of the note on which they were sureties. Nor does that payment, together with the receiving of John E. Kimpton's note for the balance paid by the plaintiff, discharge the plaintiff's claim upon the note in suit. John E. Kimpton owed the debt to the plaintiff for money paid at his request before he executed the note to him, and the giving of the note did not, for the purposes of the question involved, pay the debt. The debt still existed, although evidenced by the note. In an action against John E. Kimpton for the collection of the debt, the plaintiff, in form, would be confined to his remedy on the note instead of the open account ; and in this sense, and for this purpose, it is often said in this state that the giving of a promissory note for an existing debt is *prima facie* payment. But it is not a payment in the sense of extinguishing the debt so as to discharge the creditor's claim upon property put into his hands by the debtor as collateral security for the debt, unless there is an agreement to that effect. For such purpose the debt still exists,

notwithstanding the new form it assumes by the execution of the promissory note. It is like a new note given by the debtor to his creditor for an existing mortgage debt; the debt still exists for the purposes of a remedy under the mortgage. The county court properly charged the jury to this effect, and that the burden of proof was on the defendant to show an agreement to release the security.

There is no ground for the claim on the part of the defence that the giving of time by the plaintiff to John E. Kimpton by taking the note on six months, discharged this defendant. If the defendant stands in the same condition as a surety on a note, as to which the creditor has extended the time of payment by agreement with the principal, the objection cannot avail the defendant; as all that the plaintiff did was done without knowledge that the defendant was an accommodation maker. The note imported an absolute indebtedness from the defendant to John E. Kimpton, and the plaintiff, not knowing to the contrary, had a right, in his dealings with John E. Kimpton in regard to his claim against him, so to regard it, without forfeiting his security.

Judgment affirmed.