14

FARMERS' MUTUAL FIRE INSURANCE COMPANY v.
DAN WELLS.

*Note. Assignee. Witness. Gen. Sts. c. 36, s. 24 (one party
deceased). Witness Act Construed.*

1. The payer of a negotiable note is not a witness to the fact of a payment, the note
   having been assigned subsequently, the payee being dead, and suit brought in
   the name of the assignee.
2. When one party to a contract is dead, and the contract has been assigned, so that
   the estate, or heirs, have no interest in it, the assignee stands upon the proviso
   of s. 24, c. 36, Gen. Sts., in all cases where the contract is the cause of action,
   in issue and on trial, and the survivor cannot testify,—otherwise where the con-
   tract is a matter collateral to the cause of action. 44 Vt. 566; 46 Vt. 677.
3. *Taylor* v. *Finley*, 48 Vt. 78, on the extreme limit of *admissibility*.

THIS was an action on a promissory note dated the 17th day of
January, 1868, for the sum of $950, and payable to Samuel Wells,
or bearer, on demand, with interest annually. Plea, the general
issue and notice under the statute of partial payments. Trial
September Term, 1879 ; REDFIELD, J., presiding.

It was conceded that Samuel Wells had deceased, and that the
note was transferred to the plaintiff as early as August 1, 1871.

It was agreed that the only question in controversy, was
whether or not, the defendant paid to Samuel Wells, now de-
ceased, the sum of one hundred dollars, to apply on said note, the
5th day of September, 1870, which never was endorsed on said
note. The note contained other endorsements, about which there
was no dispute.

It was agreed, that there was due on said note, October 9,
1879, the day of trial, not including the item in dispute, the sum
of $1094.44, but if the item in dispute was applied, then there
would be due the sum of $935.71.

It was further conceded, that the only person who could testify,
in reference to said payment was the defendant.

The execution of the note was admitted, and on the part of the
defendant he was offered as a witness to prove the fact of pay-
ment. The plaintiff objected to the defendant as a witness, on

the ground, that Samuel Wells had deceased, the other party to the contract in issue and on trial. In order that the case might be finally disposed of by the Supreme Court, with the consent of counsel, the court, *pro forma*, decided the evidence admissible, and directed a verdict for the sum of $935.71, under the rule that the plaintiff should have judgment for the sum of $1094.44, in case it should be determined, that the defendant could not, under the objection, be admitted to testify to the fact of such payment.

To the decision of the court, as to the right of the defendant to testify, the plaintiff excepted. Exceptions allowed.

*S. C. Shurtleff*, for plaintiff.

To make defendant a witness would repeal the statute. Gen. Sts. c. 36, s. 24; *Hollister* v. *Young*, 41 Vt. 156. The defendant is allowed to testify only when the contract comes in collaterally, and not where it is sought to enforce the contract itself.

*C. W. Witters*, for defendant.

The writ being in the name of the insurance company, and the company, owner, before the death of the assignee, payer is a witness. *Taylor* v. *Finley*, 48 Vt. 78; *Downs* v. *Belden*, 46 Vt. 674; *Little* v. *Bond*, 40 Vt. 618; *Woodbury* v. *Woodbury's Estate*, 48 Vt. 94; 38 Vt. 509.

The opinion of the court was delivered by

BARRETT, J. The cause of action in this case is the contract evidenced by the note, made by the defendant to the deceased payee; and the matter in issue, that is, in dispute, is the alleged payment, claimed by the defendant, to the deceased payee in his lifetime. Hence, the defendant and the deceased payee were the only parties to the transactions involved in this suit, and in issue on the trial of it before the jury. It therefore falls, in terms, within the proviso of s. 24, c. 36, Gen. Sts., as emphatically as did the matter in question in 38 Vt. 509.

The case of *Hollister, Adm'r.* v. *Young*, 41 Vt. 156, is conclusive, that the assignee of a contract or cause of action, made or existing between the defendant and the deceased party, is entitled to stand upon that proviso of the statute against the testimony of

the surviving defendant, even though the estate, or heirs of the deceased, had no interest in the subject-matter of the suit. The distinctions between the contract, or cause of action in issue and on trial, and matter of contract and transactions, that are collateral or incidental to such contract or cause of action, are well marked in *Cole* v. *Shurtleff & Trs.* 41 Vt. 311 ; *Downs* v. *Belden*, 46 Vt. 674 ; *Bank* v. *Schofield*, 39 Vt. 590 ; *Morse* v. *Low*, 44 Vt. 561. In none of the subsequent cases has there been any question of the soundness of what was held in *Hollister* v. *Young*, *supra*. In the cases in which the fact that the estate of the deceased had no interest in the suit or the subject-matter of it, as bearing on the admissibility of the survivor to testify, it has been true, that the contract or transaction to which the deceased was a party, was not the cause of action in issue and on trial. This is so in the case of *Taylor* v. *Finley*, 48 Vt. 78. The note for $50, with the condition of security on the cow in question, was not the contract or cause of action in issue ; nor was the question of such payment, as constituting the ground of the rights and liabilities of the respective parties. It was not claimed that at the time the defendant took the cow, the plaintiff had paid all that he must have paid, in order to absolve the cow from the defendant's title by way of lien. The point was, that, though the plaintiff had neither paid nor tendered all that he was bound to pay, in order to give him clear title as against the defendant, still the defendant could not rightfully, as against the plaintiff, take the cow from the plaintiff in the manner he did, and hold her as his own, acquit of any right of plaintiff to redeem by paying the unpaid balance, for which the lien existed.

That question of payment, to which plaintiff was admitted to testify, was regarded as incidental and collateral, to the cause of action in issue and on trial. It always seemed to me that the decision and opinion in that case were on the extreme limit of distinction, between admissibility and non-admissibility under the statute. Yet it does not at all, in the actual elements on which that case rests, infringe on the case of *Hollister* v. *Young, supra*.

The result is, judgment reversed, and judgment rendered for the largest sum.