WM. RICHARDSON *v.* EVA M. WRIGHT, ADM'X OF
OTIS A. WRIGHT'S EST., O. E. WALDO
& H. L. DICKINSON.

[In Chancery.]

*Witness, One Party to Contract Deceased. Discharge of
Mortgage Master.* R. L. s. 1002.

1. The substantial, not the technical, cause of action determines the competency of
   a witness under the statute,—R. L. s. 1002; thus, it *was held,* in a foreclosure
   proceeding, that the original payee of a mortgage note was a competent wit-
   ness to prove that the deceased payor and the assignee of the mortgage substi-
   tuted a new note for the old one.
2. DISCHARGE OF MORTGAGE—SUBSTITUTION OF NEW FOR OLD NOTE. When a
   new note is substituted for an old mortgage note, the mortgage is not thereby
   discharged, unless it appears that such was the intention of the parties.
3. MASTER. A master in his discretion can grant a further hearing in a suit pend-
   ing before him; and his action therein cannot be revised.

BILL to foreclose a mortgage. On bill, pleadings and re-
port of a special master, December Term, 1885, TAFT, Chan-
cellor, it was ordered, *pro forma,* and without hearing,
that the bill be dismissed.

It appeared from the report, that Otis A. Wright, in his
lifetime, April 1, 1873, executed the mortgage in question
of certain lands situate in Hartland to Alvin C. Conner and
Hattie H. Conner to secure the payment of a $300 note of
the same date; that on the same day the said note and
mortgage were delivered to Chas. W. Warren, now de-
ceased, and that Warren paid to the Conners the amount of
the note, but the mortgage was never assigned in writing
to him.

The master found:

"January 8, 1874, the said Otis A. Wright executed and
delivered, to said Charles W. Warren, a note for three

hundred dollars, signed by said Otis A. Wright, and made payable to him, as trustee, on demand, and interest, annually. It was claimed by the orator in the hearing before me that this last note was given in place and in lieu of the note described in said mortgage deed, and for the same debt, and with the agreement and understanding between said Otis A. Wright and said Charles W. Warren, that said note then given on said 8th day of January, 1874, should be secured by said mortgage deed, the same as the note described therein, and this was the controversy and matter in dispute before the master.

"While administratrix, as above stated, the said Eva M. Wright, under a license from the Probate Court, sold and conveyed said blacksmith-shop (the mortgaged premises) to the defendants, Owen W. Waldo and Henry L. Dickinson, but they purchased with full knowledge of the claim of the orator, and therefore their rights are in this matter no different from that of the defendant's estate would be in case no sale had been made.

"Upon full consideration of all the testimony and evidence in the case, the master is unable to find the facts as claimed by the orator, and I cannot find that there is or was any connection between said note and said mortgage; and I cannot find that it was understood or agreed by said Otis A. Wright that said note should be secured by said mortgage deed."

The master submitted his report to the solicitors of both parties; and thereupon the orator's solicitor filed an affidavit, and moved that the cause be opened for a further hearing; which was granted. On the second hearing the said Alvin C. Conner was admitted as a witness, against the objection and exception of the defendants. From Conner's testimony the master found:

"That on the 8th day of January, 1874, the said Otis A. Wright, knowing that the said Charles W. Warren held the note and mortgage dated April 1, 1873, given by said Wright to the Conners, and desiring further time to pay a portion of said note than what he was entitled to under the verbal arrangement between him and the Conners, went to the house of the said Charles W. Warren and asked for said extension, which was granted.

"At that time the said Warren stated to said Wright that he did not like the way in which the Conner note was written, and asked said Wright if he would give him a note running directly to himself. This the said Wright consented to do. Thereupon said Warren wrote the note dated January 8, 1874, and payable to C. W. Warren, trustee, hereinbefore referred to, and the said Wright signed the same.

"The said Warren then said, 'I will tear up the old note,' and did so with the knowledge and assent of Wright.

"That was all that took place between the parties, and nothing was said by either of the parties about the Conner mortgage as to whether or not the note there executed was to be secured.

"And the master is unable to find as to what the purpose or intention of the parties as to whether or not the note then given was to be secured by said Conner mortgage, and submits to the court the effect of the tearing up of the Conner note and the giving of the new note of January 8, 1874, as above detailed."

\* \* \* "There was no evidence whatever as to whether or not the debt secured by said Conner mortgage had been paid except what might be inferred from the fact that the note described in the Conner mortgage was torn up and the note dated January 8, 1874, was given as hereinbefore stated. Said Conner mortgage was never assigned in writing. \* \* \* The note of January 8, 1874, was given in place of the note described in and secured by the Conner mortgage, and when so given the Conner note was torn up."

*Wm. Batchelder*, for the defendant.

Nothing short of actual payment will discharge the mortgage. 3 Jones Mort. 924; *Heively* v. *Matteson*, 54 Iowa, 505; *Frink* v. *Branch*, 16 Conn. 260; *Walters* v. *Walters*, 73 Ind. 425; *Dana & Hayden* v. *Binney*, 7 Vt. 493; *Seymour* v. *Darrow*, 31 Vt. 122; *McDonald* v. *McDonald*, 16 Vt. 630; *Perham S. M. Co.* v. *Brock*, 113 Mass. 194; *Flower* v. *Elwood*, 66 Ill. 434; *Pinney* v. *Kimpton*, 46 Vt. 80. The burden is on the defendants to show the release of the mortgage. *Sloac* v. *Rice*, 41 Iowa, 465; *Collamer* v. *Langdon*, 29

Vt. 32; *Couch* v. *Stevens*, 37 N. H. 169; *Cullum* v. *Bank*, 23 Ala. 797; *Coles* v. *Withers*, 33 Gratt. (Va.) 186; 3 Jones Mort. 926.

Conner was a competent witness. *Wiley* v. *Hunter*, 57 Vt. 488; *Lyttle* v. *Bond*, 45 Vt. 618.

*Davis & Enright* and *W. C. French*, for the defendants.

Conner was not a competent witness. R.. L. s. 1002; *Ins. Co.* v. *Wells*, 53 Vt. 14; *Fitzsimmons* v. *Southwick*, 38 Vt. 509; *Hollester* v. *Young*, 41 Vt. 156.

The note of January 8, 1874, is not secured by the terms of the Conner mortgage. The presumption is that the note of April 1, 1873, has been paid, because it is not produced, and the *burden of proof* is upon the orator to account for its non-production, and to show it has not been paid. *Johns* v. *Church*, 12 Pick. 560; *Edgell* v. *Stanfords*, 3 Vt. 204; 4 Vt. 549; 26 Vt. 299; 31 Vt. 506. The orator must show affirmatively that it was the *intention and understanding* of the parties that it should be so secured, for the *terms of the mortgage* do not so secure it. *Dana* v. *Binney*, 7 Vt. 493; *McDonald* v. *McDonald*, 16 Vt. 63; *Dunshee* v. *Parmlee*, 19 Vt. 172; *Trust Co.* v. *Farrar*, 53 Vt. 545; *Tucker* v. *Alger*, 30 Mich. 67.

The master had no power to re-open the cause. *Myers* v. *Brownell*, 2 Aik. 407; *Waters* v. *Langdon*, 16 Vt. 570; *Morgan* v. *Houston*, 25 Vt. 570.

The opinion of the court was delivered by

ROWELL, J. It is said in *Fitzsimmons* v. *Southwick*, 38 Vt. 509, that in order to determine whether a case comes within the statute excluding one of the original parties to the contract or cause of action in issue and on trial from testifying when the other party is dead, we must look to matters of substance rather than to technical terms and forms. That was trespass *de bonis* against the administrator of a woman to whom the plaintiff claimed to have been married, and by virtue thereof to have acquired title

to a part of the property in question; and although the technical cause of action was held to be the taking by the defendant from the plaintiff, yet the title was held to be the real matter in controversy, and therefore the plaintiff was not permitted to testify to his alleged marriage.

So here, the contract of security evidenced by the mortgage was at most only the formal and technical cause of action; the substantial issue—the real matter in dispute, was, the character and quality of the transaction between Wright and Warren that resulted in the cancellation of the original mortgage note and the giving of the new note to Warren, as bearing on the question of the release or non-release of the mortgage security; and to that transaction Conner was not a party. The defence in this behalf does not differ in legal effect from that of payment in money of the mortgage debt by the mortgagor on the same occasion, as to which Conner would clearly have been a competent witness. In *Insurance Company* v. *Wells*, 53 Vt. 14, the defendant was held incompetent to testify to a payment claimed to have been made to the payee, who had died. But suppose the claim had been of a payment to the plaintiff after it became the owner of the note, can it be doubted that defendant would have been competent to testify to it?

It appearing that the new note to Warren was given "in place of" the original mortgage note, the substitution did not operate to discharge the mortgage, it not appearing that such was the intention of the parties. *Dana & Hayden* v. *Binney & Morrison*, 7 Vt. 493; *Seymour* v. *Darrow & Brainerd*, 31 Vt. 122; *Pinney* v. *Kimpton*, 46 Vt. 80.

The case being still pending before the master, it was discretionary with him whether or not to grant a further hearing on the orator's application; and having exercised his discretion by granting such hearing, his action in the premises cannot be revised.

Decree reversed and cause remanded, with mandate to enter a decree of foreclosure for the orator, with costs.