## LUCY ROBINSON

v.

## M. V. B. LEACH, ASSIGNEE, ET AL.

JANUARY TERM, 1895.

*Homestead.    On what debts attachable.    Renewal note.*

1.  Under our statute subjecting a homestead to attachment upon "causes of action existing at the time," the homestead is attachable upon a note given after its acquisition in renewal of a note existing before.

2.  When and to what extent a note operates as a payment of an indebtedness.

Appeal from an order of the court of insolvency for the district of Fair Haven.    Heard upon an agreed statement of facts at the September term, 1894, Rutland county, START, J., presiding.    The court affirmed the decree of the court of insolvency, holding that the homestead was subject to the claimant's debt.    The defendant excepts.

*Fayette Potter* for the defendant.

The giving of the new note extinguished the former debt. Hence, the renewal note was not a cause of action existing at the time the homestead was acquired.  *Ricker* v. *Adams,* 59 Vt. 154 ; *Hutchins* v. *Olcott,* 4 Vt. 549.

*J. C. Baker* for the plaintiff.

The taking of a note does not work a payment of the indebtedness unless such is the agreement of the parties.  3 Rand., Com. Paper, 1509;  18 Am. & Eng. Enc. of Law, 167;  *Pinney* v. *Kimpton*, 46 Vt. 80;  *Poland* v. *Railroad*, 52 Vt. 144;  *Trust Co.* v. *Waddell*, 75 Hun. 104;  *Kidder* v. *Knox*, 48 Me. 551;  *Lee* v  *Hollister*, 5 Fed. 752;  *McLaughlin* v. *Bank*, 7 How. 228;  *Lowry* v. *Fisher*, 92 Am. Dec. 475;  *Bank* v. *Bridgers*, 98 N. Y. 67;  *Dickinson* v. *King*, 28 Vt. 378.

ROWELL, J.   The question is whether a homestead is exempt from a note  given  by the  homesteader after its acquisition, in renewal of his notes given before its acquisition, the parties to the  notes being the same.

The statute subjects the homestead to attachment and levy of  execution upon "causes of  action existing at the time" it is acquired.   It is contended that the cause of  action meant is, the claim that the  plaintiff  makes  and  declares upon as the ground of  his suit, and which is to be litigated on trial. But  this  construction  is too strict.  · The words, "causes of action," are evidently used in a sense broad enough  to  embrace the debt as distinguished from the evidence of it.  The · statute is the same for the purposes of  this case as though it read, "debts existing," etc.   Hence, if the original debt can be said to exist, the case is with the plaintiff.

Courts will if  they can, when  justice requires it, look behind  the  evidence  of  the  debt and consider the debt itself, and  decide  according  to  that.   This is always done when mortgage  notes are renewed.   As long as the original debt can be traced the security remains, no matter how many renewals there have been.   So in *Conway* v. *Seamons*, 55 Vt. 8, we looked behind  a  judgment rendered after the defendant's discharge in insolvency, but founded on  a  note unaffected  by the  discharge,  and  held  the  judgment not discharged  because  the  note was not.   The  ground  of the

holding was, that although the note as evidence of the indebtedness was merged in the judgment, yet the judgment was not to all intents a new debt, but the old debt in a new form for the purpose of protecting the right connected therewith before the judgment. The same view was held and applied in *Pinney* v. *Kimpton*, 46 Vt. 80. There the plaintiff held a note as collateral for signing with another. Having had to pay, he took the note of his principal for the amount, and afterwards brought suit on the collateral. It was held that by taking his principal's note he did not discharge his claim on the note he held as collateral. The court said that the debt still existed though evidenced by the principal's note; that in an action against the principal for the collection of the debt the plaintiff would, in form, be confined to his remedy on the note instead of the open account; that in this sense and for this purpose it is often said in this state that the giving of a promissory note for an existing debt is *prima facie* payment; but that it is not payment in the sense of extinguishing the debt so as to discharge the creditor's claim on property put into his hands by the debtor as collateral security for the debt, unless so agreed.

This principle is entirely applicable here. The new note was but a new evidence of the old debt. True, the old notes were extinguished as affording a ground or cause of action, but the debt evidenced thereby continued to exist for the purpose of preserving the right against the homestead that was originally connected with it. *Weaver's Estate*, 25 Pa. St. 434, is a case precisely like this. There a creditor held the promissory note of his debtor, given before the passage of the homestead act. After its passage he gave up that note and took in place of it a single bill with warrant of attorney for confession of judgment, and it was held that a judgment entered on the bill was not subject to the act. Even where a negotiable promissory note given for land and payable to the vendor went into the hands of a third person,

who, while he held it, took a new note therefor payable to himself with a party added as surety, it was held that this was not such a novation of the original contract that a homestead laid off in the land was not subject to levy and sale to satisfy a judgment founded on the bill. *Wofford* v. *Gaines*, 53 Ga. 485. Cf. *Perrin* v. *Sargent*, 33 Vt. 84.

The defendant relies on *Hutchins* v. *Olcutt*, 4 Vt. 549, where it was held that the taking of a negotiable promissory note is an extinguishment of any implied promise on the part of the maker to pay the consideration for which the note was given, and that therefore the taking of such a note in payment of an account for labor bestowed on an article is such a manifestation of the intent of the taker to rely on the personal security of the maker as to be a waiver of any lien given by law on the property. The ground of that decision seems to be that the lien is but an incident of the implied contract, and so when the creditor takes a note, thereby extinguishing that contract, which is the principal thing, he must be taken to intend to waive the lien, which is the incident. If this case is opposed to what we now hold, it must be regarded as departed from to that extent.

*Judgment affirmed and ordered to be certified to the court of insolvency.*