## BELLOWS FALLS TRUST CO. v. Rooney L. GIBBS and Cynthia W. Gibbs

[534 A.2d 210]

No. 85-333

September 8, 1987. 27 V.S.A. § 141(b) provides that "[w]hen a mortgagee takes an accruing mortgage, *the only. debt which shall be secured* thereby or become a lien upon the property described therein *shall be the debt described in the mortgage* and existing at the time of its execution, and any subsequent direct indebtedness of the mortgagor to such mortgagee; . . . ." (Emphasis added). The subsequent indebtedness here was incurred by only one of the mortgagors, see 1 V.S.A. § 175, and thus could not become a lien upon the nonconsenting mortgagor's interest in the property.

In Vermont, tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate. *Preston* v. *Chabot*, 138 Vt. 170, 174, 412 A.2d 930, 932 (1980). Neither spouse has a share which can be disposed of or encumbered without the joinder of the other spouse. *Id.* Therefore, we conclude that the note executed on July 10, 1980 was not secured by either Mr. Gibbs' or Mrs. Gibbs' interest in the property at issue.

*Reversed.*

## Sharon W. WELLS v. Stephen J. WELLS

[535 A.2d 792]

No. 86-306

September 8, 1987. The order granting defendant permission to take an interlocutory appeal does not set forth a controlling question of law, nor is this Court able to discern such a question from the materials presented to us. The interlocutory appeal having been improvidently granted is hereby dismissed. V.R.A.P. 5(b); see *In re Pyramid Co.*, 141 Vt. 294, 302, 449 A.2d 915, 919 (1982), *Lyon* v. *Bennington College Corp.*, 137 Vt. 135, 136, 400 A.2d 1010, 1011 (1979).