**In re Joseph A. CERRETA, Debtor.**

**Bankruptcy No. 89–00273.**

United States Bankruptcy Court,
D. Vermont.

June 15, 1990.

---

**6.** This Court is aware there are several cases which while providing for reimbursement to the trustee as a condition to allowance of the exemption, add the limitation that such reimbursement must issue from sources other than the allowed claim of exempt property. See, *In re Myatt*, 101 B.R. 197 (Bkrtcy.E.D.Cal.1989); *In re Boyer*, 7 B.R. 930 (Bkrtcy.D.Idaho 1981).

Debtors have effectively argued that such a limitation, in a case such as this, where there are no assets available for distribution to creditors is patently unreasonable. Debtors remind us the reason they sought bankruptcy protection under Chapter 7 is because they have no appreciable funds from which to pay their debts. Their point is well-taken. Hence, we make no such limitation in this case.

P. Banse, Banse & McCoy, Manchester Center, Vt., for Joseph A. Cerreta (debtor).

J. Canney, Hull, Webber, Reis & Canney, Rutland, Vt., Chapter 7 Trustee, pro se (Trustee).

---

## MEMORANDUM OF DECISION ON § 363(h) MOTION

FRANCIS G. CONRAD, Bankruptcy Judge.

Trustee objects to Debtor's claim [1] that real property Debtor owns jointly as tenants by the entirety with a non-debtor spouse is exempt from the sale provisions of 11 U.S.C. § 363(h). Under the facts of this contested matter, we overrule Trustee's objection. We hold that based on Vermont case and statutory law a spouse's interest in an estate by the entireties is immune from execution by a sole creditor of that spouse, and thus, it is exempt from the bankruptcy estate by virtue of 11 U.S.C. § 541.

No matter that has come before us has caused as much consternation as Trustee's motion to sell Debtor's homestead under 11 U.S.C. § 363(h).[2] Fortunately for Debtor,

---

1. We have jurisdiction to determine this matter under 28 U.S.C. § 1334(b) and the General Reference to this Court under Part V of the Local District Court Rules for the District of Vermont. This matter is core under 28 U.S.C. § 157(b)(2)(B), (M), and (N). We direct Part VII of the Rules of Practice and Procedure in Bankruptcy apply to this contested matter. This Decision constitutes conclusions of law and findings of fact under F.R.Civ.P. 52 and as made applicable by Rules of Practice and Procedure in Bankruptcy Rule 7052.

2. 11 U.S.C. § 363(h), **Use, sale, or lease of property,** provides:

(h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the time of the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—

(1) partition in kind of such property among the estate and such co-owners is impracticable;

(2) sale of the estate's undivided interest in such property would realize significantly less for the estate that sale of such property free of the interests of such co-owners;

(3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and

the unique facts of this contested matter prevent the application of § 363(h) to the property of this Debtor and a non-debtor spouse. Unfortunately, the analysis we present will disturb the well settled expectation in Vermont that property jointly owned by entireties, usually a homestead, cannot be sold by a bankruptcy trustee.

The parties agreed in open Court on oral cross-motions for partial summary judgment that the specific issue for us to decide is whether Trustee has the right to sell Debtor's real property, owned as a tenant by the entirety with a non-debtor spouse, under § 363(h), or phrased alternatively, whether Debtor may exempt from property of the estate his interest as a tenant by entirety to the extent such interest is exempt from process under applicable non-bankruptcy law.[3]

The facts are straightforward. Debtor filed for Chapter 7 bankruptcy protection under 11 U.S.C. §§ 101, et seq. on October 3, 1989. Debtor listed as exempt, under applicable nonbankruptcy law, an interest in a real property with a non-debtor spouse. The mortgagee of the property is the only joint creditor. The mortgagee has not filed a proof of claim. None of the § 363(h) factors are found by us today. We rule simply as a matter of law whether Trustee has the right to sell tenancy by the entirety property.

It is not necessary to recreate an analysis of the law relevant to this matter. As we have said in *In re Treadway*:

> 11 U.S.C. § 541(a) provides, with exceptions not relevant here, that the debtor's estate includes "all legal and equitable interests of the debtor in property as of the commencement of the case." Courts, including this Court, have consistently interpreted this definition of property of the estate to include an individual debt-

or's interest in property held as a tenant by the entirety. *In Re Pauquette*, 38 B.R. 170 (Bkrtcy.D.Vt.1984); *Napotnik v. Equibank & Parkvale Sav. Ass'n*, 679 F.2d 316, 29 BCD 250 (3d Cir.1982); *In Re Oberlies*, 94 B.R. 916 (E.D.Mich.1988); *In Re Townsend*, 72 B.R. 960, 964 (Bkrtcy.W.D.Mo.1987). Moreover, to the extent that Congress made express provision for the possibility of exempting certain interests as a tenant by the entirety under 11 U.S.C. § 522(b)(2)(B), it is clear that the debtor's interest in property as a tenant by the entirety must be included initially as property of the estate if Congress intended that such interests be exempt in the first place. *Napotnik, supra*, at 679 F.2d 318.

*Raymond Obuchowski v. United Bank & Trust Company (In re Wade I. Treadway)*, at pp. 3–4, Slip Op., 1989 WL 90535 (D.Vt. July 19, 1989, Conrad, B.J.). For a more recent case see, *Galvan v. Galvan (In re Galvan)*, 110 B.R. 446 (9th Cir. BAP 1990).

■ Those real property interest that are included under § 541(a) may be excluded, however, under 11 U.S.C. § 522(b)(2)(B). Section 522(b)(2)(B) provides in pertinent part:

> Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate ... any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Real property interests and, more specifically, the laws regarding tenants by the entireties are products of State law. The "applicable nonbankruptcy law" for pur-

---

(4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**3.** An issue which came to mind during our research on this question is whether § 363(h) preempts Vermont's entireties law because it frustrates the underlying Federal bankruptcy scheme. See, Legislative History to § 363(h).

*See also, Community National Bank and Trust Company of New York v. Persky*, 893 F.2d 15, 19, 19 BCD 1860 (2d Cir.1989) (which assumes without deciding, under a due process analysis, the preemption issue). The outcome of this matter does not require us to inquire into § 363(h)'s preemption effect, but it certainly will have to be decided another day.

poses of the instant matter is Vermont law of tenancy by the entirety. As the United States Supreme Court explained, "[p]roperty interests are created and defined by State law. Unless some Federal interest requires a different result there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct 914, 918, 59 L.Ed.2d 136, 4 BCD 1259, 19 CBC 481 (1979). We must, therefore, analyze Vermont law to determine what interest, if any, the bankruptcy estate has in the homestead held by Debtor and a non-debtor spouse as tenants by the entirety.

Vermont acknowledges the tenancy by the entirety in its traditional form.[4] *Pauquette*, 38 B.R. at 173. 'Tenants by the entirety have but one title and each owns the whole, and neither, without the concurrence of the other, has power to convey to any third person and thus to sever the tenancy.' *Kennedy v. Rutter*, 110 Vt. 332, 340, 6 A.2d 17 (1939). While

Vermont law makes clear that the undivided interest of one tenant by the entirety may not be reached by the sole creditors of that tenant,[5] the entirety property is never immune from the claims of joint creditors. *D'Avignon v. Palmisano*, 34 B.R. 796, 798–800 (Bkrtcy.D.Vt.1982). *In re Wade I. Treadway, supra*, at p. 6, Slip Op. (D.Vt. July 19, 1989, Conrad, B.J.).

■ We conclude from our analysis of Vermont law that the entirety property interest a Trustee can reach is only that which a joint creditor may reach, and no more, because Trustee can acquire no greater rights at the case's commencement than any joint creditor.[6] The difficulty with Trustee's position, however, at least under Vermont law, is that any excess property above a joint claim that is in bankruptcy is immune from process under Vermont law. This makes it exemptible by a debtor. 11 U.S.C. § 522.[7] Thus, we have the incongruous situation of the Chapter 7 trustee marshaling assets for joint claims, reducing them to cash, and then returning to the debtor the exempt portion because it

---

**4.** Our research reveals that there are fifteen States that recognize tenancy by the entirety as an indivisible interest between spouses regardless of the circumstances. These States include Delaware, the District of Columbia, Florida, Hawaii, Indiana, Maryland, Michigan, Mississippi, Missouri, North Carolina, Pennsylvania, Rhode Island, Virginia, Vermont, and Wyoming.

**5.** This statement is not entirely true in several respects. Real estate and tangible personal property and the products thereof, held and owned by husband and wife by the entirety, are made chargeable during the lifetime of the husband for the debts contracted by him for necessary upkeep of such property, in the same manner and to the same extent as if owned and held by him in his sole name. 15 Vt.Stat.Ann. § 67 (Vermont's Married Woman's Act). This section governs only what property is reachable to enforce a judgment. It does not impose liability on a wife for the husband's debts. *Agway, Inc. v. Marotti*, 149 Vt. 191, 540 A.2d 1044 (1988).

The tenancy by the entirety may ultimately be reached by a patient judgment creditor. A final judgment issued in a civil action constitutes a lien on any real property owned by a judgment debtor if recorded. 12 Vt.Stat.Ann. § 2905. There is nothing in Vermont statutory or case law that prevents a judgment creditor of one tenant by the entirety from filing the judgment against property owned by the judgment debtor as a tenant by the entirety. Such judgment lien

is not void. But it may not be levied upon. *See, Pettengill v. United States*, 205 F.Supp. 10, 62–2 U.S. Tax Cas. (CCH), paragraph 9667, 10 A.F.T.R.2d (P–H), paragraph 5514 (1962); *Corinth v. Emery*, 63 Vt. 505, 22 A. 618, 27 ALR 827, 35 ALR 148, 141 ALR 190, 160 ALR 972, 985 (1891).

In effect, what happens is the judgment creditor must play a vulture's waiting game. Unless the sole-debtor spouse survives the other entirety's spouse the judgment creditor takes nothing.

The law of Vermont is different from the law of New York. There, a judgment creditor of one tenant by the entirety may execute on the interest of the judgment tenant by the entirety. And while execution may issue in New York, the New York Courts recognize the other tenant's interest and usually prevent the judgment creditor from occupying the property. *See, In re Persky, supra*, and the excellent discussion of New York law by Bankruptcy Judge Holland. *In re Persky*, 78 B.R. 657, *rev'd*, 893 F.2d 15, 19 BCD 1860 (2d Cir.1989).

**6.** The matter before us does not raise any hypothetical lien creditor's question under § 544.

**7.** It is unfortunate that Congress mixed up the terms "exempt" and "immune" in the Bankruptcy Code. It would have been better said or placed if the section on joint property had been placed in § 541 as an exception to estate property.

cannot be used to satisfy sole creditor claims. In effect, we have a two-tiered claims process.

The situation above described is addressed in *In re Oberlies*, 94 B.R. 916 (E.D.Mich.1988). In *Oberlies*, Judge Spector analyzed the statutory roots for requiring a bankruptcy trustee to administer a separate estate within the context of the overall bankruptcy case for the benefit of joint creditors. Judge Spector concluded there is no statutory basis to administer two separate estates within one case, but concludes it is possible under judicial interpretation of State property law. We agree with Judge Spector's conclusion.[8]

■ The filing of a bankruptcy case cannot increase a creditor's rights. If a creditor has no rights against the debtor under applicable nonbankruptcy law, then State law should prevail unless there is an overriding Federal policy which ought to take precedence. *Butner v. United States*, 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

■ We hold a trustee may administer joint assets for the benefit of joint creditors only. In the instant proceeding, there is only one joint creditor. That creditor has not filed a proof of claim. Thus, there is no creditor who could enjoy the fruits of Trustee's § 363(h) sale. Accordingly, Trustee's objection to exemption and request to sell jointly owned property will be denied. An appropriate Order will be entered.

---

**8.** Another analogous situation which supports this conclusion is the administration of trust funds for Perishable Agricultural Commodities Act creditors. 7 U.S.C. § 499.