**In re Paul HAWKINS, Debtor.**

**Gleb GLINKA, Trustee Plaintiff,**

v.

**FEDERAL DEPOSIT INSURANCE CORP., Defendant.**

**Bankruptcy No. 92–10121.**
**Adv. No. 92–1024.**

United States Bankruptcy Court,
D. Vermont.

July 15, 1993.

G. Glinka, Law Offices of Gleb Glinka, Cabot, VT, for Gleb Glinka as Trustee for the Estate of Paul Hawkins ("Trustee").

J.L. French, for Legal Div. of F.D.I.C. ("FDIC").

FRANCIS G. CONRAD, Bankruptcy Judge.

Trustee brought[1] this adversary proceeding to determine whether FDIC's claim against Paul Hawkins ("Debtor") is secured. Trustee argues that FDIC is unsecured because the note on which its claim is based, purportedly secured under a future advances clause in a prior mortgage, is signed only by Debtor, while the mortgage was originally executed by Debtor and his former spouse as husband and wife. The parties' cross-motions for summary judgment are now before us.

We grant FDIC's motion for summary judgment, holding that Debtor is a successor in interest to the original mortgage and had the authority, under Vermont law and the relevant instruments, to incur new debt secured under the future advances clause of the old mortgage that secures FDIC.

### FACTS

The material facts are not in dispute. On March 16, 1979, Debtor and his former spouse, now known as Lynda Bolduc ("Bolduc"), executed and delivered to Caledonia National Bank ("CNB"), FDIC's predecessor in interest, a mortgage deed secured by a first mortgage on three parcels: the Hawkinses' residence; certain garage property where Debtor's business, Hawkins Brothers, Inc. ("HBI"), operated; and a camp in the town of Ferrisburgh, Vermont. On June 14, 1984, Debtor, Bolduc, and HBI executed and delivered another mortgage to CNB encumbering the same property as the 1979 note. The 1984 mortgage contained a future advances clause under

---

**1.** We have jurisdiction to hear this proceeding under 28 U.S.C. § 1334(b) and the general reference to this Court by the United States District Court for the District of Vermont. This is a core matter under 28 U.S.C. § 157(b)(2)(K) and (O). This Memorandum of Decision constitutes findings of fact and conclusions of law under Fed.R.Civ.P. 52, as made applicable by F.R.Bankr.P. 7052.

which future indebtedness could, if the parties wished, be secured by the existing collateral.[2]

Debtor and Bolduc divorced. Their divorce decree, dated February 26, 1987, divided the three properties used to secure the 1984 loan. Bolduc received sole and separate title to the residence property, while Debtor received sole and separate title to the garage and camp properties. The decree also provided that the residence property remained subject to the outstanding 1979 and 1984 mortgages to CNB, and that Debtor would be solely responsible for those mortgages.

Four other notes were executed and delivered to CNB by various combinations of Debtor, Bolduc, and/or HBI, from February 1, 1988 through June 27, 1989, purportedly secured by the future advances clause of the 1984 mortgage. Two notes to CNB were executed on September 29, 1989. The first September 1989 note, executed by Debtor and his new spouse, was secured by the 1979 mortgage, the 1984 mortgage, and a new mortgage on the homestead of Debtor and his new spouse.

The second September 1989 note, executed by Debtor and HBI, was secured only by the 1979 and 1984 mortgages. The proceeds of this loan were used to pay off all prior indebtedness except the first September 1989 note. Later, CNB became a part of First National Bank of Vermont ("FNBV") which thereafter fell under FDIC receivership.[3] Both September 1989 loans are in default.

**DISCUSSION**

, Fed.R.Civ.P. 56(c), made applicable here by Fed.R.Bankr.P. 7056, provides that summary judgment shall be rendered if:

the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

The primary purpose in granting summary judgment is to avoid unnecessary trials where no genuine issue of material fact is in dispute. A fact is considered material if it "might affect the outcome of the suit under governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

The moving party bears the burden of showing that there is an absence of evidence to support the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). In determining whether the movant has met its burden, the evidence is considered in the light most favorable to the party opposing the motion. Similarly, the inferences to be drawn from the underlying facts must be viewed in the light most favorable to the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 599, 106 S.Ct. 1348, 1362, 89 L.Ed.2d 538 (1986). Our responsibility in considering a motion for summary judgment is not to resolve issues of fact, but to assess whether there are factual issues to be tried. *Cartier v. Lussier*, 955 F.2d 841, 845 (2d Cir.1992).

2. The future advances clause of the 1984 mortgage provides:

Upon request of BORROWER, LENDER, at LENDER'S option prior to release of this Mortgage, may make Future Advances to BORROWER. Such Future Advances, with Interest thereon, shall be secured by this Mortgage when evidenced by promissory notes stating that said notes are secured hereby.

The 1979 mortgage also appears to contain a perfunctory future advances clause, but the copy provided to us is unclear. We have ignored it because it is not necessary to our decision.

3. On January 29, 1993, the Office of the Comptroller of the Currency declared FNBV insolvent and appointed FDIC as a receiver under 12 U.S.C. § 1821(c)(2). Upon acceptance of its appointment, and under the provisions of the Financial Institutions Reform, Recovery and Enforcement Act of 1989 ("FIRREA"), as amended, 12 U.S.C. § 1821, *et seq.*, FDIC succeeded to "all rights, titles, powers and privileges" of FNBV. 12 U.S.C. § 1821(d)(2)(A). By virtue of its appointment as receiver, FNBV's interest in the assets that are the subject matter of this action have been transferred to FDIC. FDIC's motion to Substitute was granted by this Court on April 5, 1993.

When a motion for summary judgment is made and supported by the movant, Fed. R.Civ.P. 56(e) requires the non-moving party to set forth specific facts demonstrating that genuine issues of material fact remain for trial. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., supra,* 475 U.S. at 586–87, 106 S.Ct. at 1355, 89 L.Ed.2d 538. The non-movant must set forth the disputed facts in supporting materials, including affidavits, rather than defer to the pleadings alone. Self-serving and conclusory statements concerning the nature of the facts will not defeat a properly supported motion for summary judgment. *See, Wyler v. United States,* 725 F.2d 156, 160 (2d Cir.1983). As the Supreme Court has noted, the non-moving party must do more than simply show that there is some metaphysical doubt as to the material facts. *Matsushita Electric Industrial Co. v. Zenith Radio Corp., supra,* 475 U.S. at 586, 106 S.Ct. at 1355–56, 89 L.Ed.2d 538.

Bankruptcy Courts look to state law "to determine the legal effect of the parties' respective interests" in property because "property interests are created and defined by state law," *Butner v. United States,* 440 U.S. 48, 55–56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979). *Cohen v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.),* 138 B.R. 687, 710 (Bankr.S.D.N.Y.1992). Accordingly, Vermont law will provide the statutory infrastructure and relevant precedents to govern our decision.

With these procedural standards in mind, we turn to the facts and issues presented in the parties' cross-motions for summary judgment.

■■■ Trustee argues that the September 1989 loans are not secured under the future advances clause of the 1984 mortgage because the identity of the borrower and mortgagor had changed. Trustee's argument is based principally on 27 Vt.Stat. Ann. § 141(b),[4] and the Vermont Supreme Court's opinion in *Bellows Falls Trust Co. v. Gibbs,* 148 Vt. 633, 534 A.2d 210 (1987). Trustee argues that for subsequent indebtedness to be secured under a future advances provision, the borrower of the subsequent indebtedness must necessarily be identical to the original mortgagor, which in the case of a husband and wife requires both spouses together. Having failed to obtain a new security agreement from Mr. Hawkins at the time of the September 1989 loans, Trustee argues, FDIC cannot now rely on the future advances clause granted by the Hawkinses together as husband and wife to secure the September 1989 indebtedness incurred by Mr. Hawkins alone.[5]

---

**4.** 27 Vt.Stat.Ann. § 141(b), **Execution and Acknowledgment of Conveyance,** provides in pertinent part:

When a mortgagee takes an accruing mortgage, the only debt which shall be secured thereby or become a lien upon the property described therein shall be the debt described in the mortgage and existing at the time of its execution, and any subsequent direct indebtedness of the mortgagor to such mortgagee; provided, that when the mortgage includes a homestead, the written consent of the wife or husband of the mortgagor to the creation of such subsequent direct indebtedness shall be required.

**5.** We agree with FDIC that a renewal note rolling over pre-existing debt does not extinguish the lender's security interest. In several cases, this Court has held that a renewal note remains secured if the prior loans were secured. In *Nutting v. Bradford National Bank,* 44 B.R. 233, 236 (Bankr.D.Vt.1984), we held that collateral for prior loans continues as security under an accrual clause for a subsequent consolidation loan if that was the parties' intent when the subsequent loan was made. Similarly, *In re Thayer,* 38 B.R. 412, 419 (Bankr.D.Vt.1984), we held that under Vermont law, a 1982 renewal did not expunge a 1978 obligation if: (1) the earlier note indicated the debt remained outstanding by marking it "Renewed," instead of "Paid" or "Canceled"; (2) the creditor retained possession of the prior note; and (3) the debtors executed the note with the subjective intention that the obligation of the prior note would be incorporated into the obligation of the renewal note. *Thayer* relied on the early Vermont cases of *Pinney v. Kimpton,* 46 Vt. 80 (1873), and *Robinson v. Leach,* 67 Vt. 128, 31 A. 32 (1895), which held that as long as the original debt is not paid and can be traced, the security remains. *See also Island Pond National Bank v. Lacroix,* 104 Vt. 282, 158 A. 684 (1932) (mortgage accompanies and follows the debt then expires when the debt is paid). In *McQueen v. Bradford National Bank,* 27 B.R. 717, 722–23 (Bankr.D.Vt.1983), we held that a security agreement specifically providing for future advances is, "by its terms, a continuing agreement until

We disagree with Trustee and believe Trustee's reading of § 141(b) and *Bellows Falls Trust* is too narrow. Section 141(b) provides that a new debt becomes a lien on property encumbered by a prior mortgage containing a future advances clause only when it is a "subsequent direct indebtedness of *the mortgagor* to such mortgagee...." (Emphasis in original). In *Bellows Falls Trust, supra,* 148 Vt. at 633, 534 A.2d at 211, the Vermont Supreme Court held that "tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate," and that "[n]either spouse has a share which can be disposed of or encumbered without the joinder of the other spouse." Neither authority supports Trustee's argument.

First, Debtor is "the mortgagor" under the express terms of the 1984 mortgage itself. Paragraph 13 of the 1984 mortgage provides, in pertinent part:

> The covenants and agreements herein contained shall bind and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower.... All covenants and agreements of Borrower shall be joint and several.

The Hawkinses are jointly and severally liable. Each is "the mortgagor" individually as well as being jointly "the mortgagor"

in their capacity as husband and wife, as tenants by the entirety.

Moreover, under the Hawkinses' divorce decree, Debtor and Bolduc each became the successor to the former tenancy by the entirety as to the property each was awarded. The September 1989 loan that paid off all prior indebtedness for which Bolduc was jointly and severally liable, extinguished her liability and CNB's lien against her homestead. Debtor, however, is still a "Borrower" under the mortgage and his properties remain subject to CNB's lien, both because he was originally individually liable and because he is the successor to the jointly liable tenancy by the entirety. Accordingly, we hold that Debtor is "the mortgagor" within the meaning of 27 Vt. Stat.Ann. § 141(b).

■ Trustee argues that the holding in *Bellows Falls Trust* prevents CNB from obtaining a lien on any of the collateral properties of the 1984 mortgage without the consent of both Bolduc and Debtor. In fact, as noted above, *Bellows Falls Trust* stands for the simple proposition that property held by husband and wife as tenants by the entirety cannot be encumbered by either spouse acting alone. *Bellows Falls Trust, supra,* 148 Vt. at 633, 534 A.2d at 211. Our holding that Debtor may incur later indebtedness secured by his specific interest in the property described in the

revoked by the debtor upon notice to the creditor. In the absence of such revocation, neither extinguishment of the original loan [nor] renewal of the original obligation ... results in an impediment to the creditor's continuing security interest."

In addition, several recent Federal cases have held that using a new note to settle an old debt is not a novation of the previous debt, but a renewal. In *Allied Elevator, Inc. v. East Texas State Bank of Buna,* 965 F.2d 34, 37 (5th Cir. 1992), the Fifth Circuit held that in Texas, "the giving of a new note for debt evidenced by a former note does not extinguish the old note unless such is the intention of the parties." In *Billings v. AVCO Colorado Industrial Bank,* 838 F.2d 405, 409 (10th Cir.1988), the Court held that because paying off an old note by execution of a renewal note is "generally just a bookkeeping procedure, such a transaction would not extinguish the original note or security agreement unless the parties intended for the prior debt to be satisfied and a new debt created."

*See also Cooley v. First National Bank of Louisville,* 624 F.2d 55, 57 (6th Cir.1980) (under Kentucky law, a renewal note does not extinguish an existing obligation).

We believe the September 29, 1989 notes satisfy the requirements of a renewal note with continuing obligations. First, the four promissory notes renewed by the September 1989 loan transaction have all been marked "renewed." Second, the Debtor's underlying debt has never been extinguished. Third, FDIC's interest in the garage and camp properties remains secured by the mortgage deeds because the mortgage deeds have never been discharged of record, and there has never been a break in continuity of obligations secured thereunder. Fourth, both CNB and the Debtor's intent to secure the September 1989 notes with the 1984 mortgage was expressed in writing in the September 29, 1989 notes. Fifth, the authorization to disburse loan proceeds was a general bookkeeping procedure used to track renewal loans so they would not appear as delinquent.

mortgage deeds in no way conflicts with the holding in *Bellows Falls Trust.* Rather, it sustains and advances the reasoning of *Bellows Falls Trust* by both permitting and restricting Debtor to use only the property he received in the divorce settlement as security for his own loans. Thus, our holding that Debtor may encumber only the two properties Debtor received in the divorce under the future advances clause of the 1984 mortgage agreement is squarely in accord with *Bellows Falls Trust.*[6]

### CONCLUSION

Based on the foregoing discussion, we hold that the two loans made on September 29, 1989 were future advances secured by the 1984 mortgage. Accordingly, FDIC's motion for summary judgment is granted.

---

**6.** Trustee also cites *Bloom v. First Vermont Bank & Trust Co.,* 133 Vt. 407, 340 A.2d 78 (1975). *Bloom* held that a subsequent loan was unsecured by a prior mortgage with an accrual clause where the parties failed to evidence an intent that it be secured. *Id.,* 133 Vt. at 410, 340 A.2d at 80. Here, all the loans in question expressly state that they are secured by the 1984 mortgage. Accordingly, *Bloom* is not applicable.