**In re Michael JAKAB and Suzanne Jakab, Debtors.**

**Michael & Suzanne Jakab, and Jan M. Sensenich, Chapter 13 Trustee, Plaintiffs,**

**v.**

**Cendant Mortgage Corporation, a/k/a InstaMortgage.com, Defendant.**

**Bankruptcy No. 02–10109.**
**Adversary No. 02–1036.**

United States Bankruptcy Court.
D. Vermont.

May 5, 2003.

Jess T. Schwidde, Esq., Glinka & Schwidde, Rutland, VT, for Debtors.

Jan M. Sensenich, Esq., White River Junction, VT, Chapter 13 Trustee, pro se.

Christopher L. Davis, Esq., Abby C. Moskovitz, Esq., Langrock, Sperry & Wool, LLP, Burlington, VT, for Defendant.

## MEMORANDUM OF DECISION

COLLEEN A. BROWN, Bankruptcy Judge.

### ON THE PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS-MOTION FOR SUMMARY JUDGMENT

Debtors Michael and Suzanne Jakab, together with the chapter 13 Trustee, Jan M. Sensenich, Esq., filed a Motion for Summary Judgment (doc. # 16) seeking a determination whether Debtors' mortgage to Defendant may be voided. The Defendant, Cendant Mortgage Corporation, a/k/a InstaMortgage.com (hereinafter, "Cendant"), cross-moved for summary judgment on the same issue. *See* doc. # 17. The parties filed Stipulated Facts in support of their respective Motions. *See* doc. # 15.

This Court has jurisdiction over the subject motions pursuant to 28 U.S.C. §§ 157 and 1334.

For the reasons set forth below, the Plaintiffs' Motion for Summary Judgment is granted and the Defendant's Motion for Summary Judgement is denied.

### I. BACKGROUND

Debtors own their home at 9 Third Street in Fair Haven, Vermont (hereafter

the "Property") as husband and wife, pursuant to a warranty deed dated September 10, 1999. *See* Stipulated Facts at ¶ 7 (doc. # 15). On September 14, 1999, that warranty deed was recorded in the Land Records of the Town of Fair Haven in Volume 70 at Pages 62–63. *See id.* The Debtors borrowed $59,000 from Homeamerican Credit, Inc. (hereinafter, "Homeamerican") to finance the purchase of the Property. *See id.* at ¶ 8. To secure this loan, the Debtors executed a mortgage deed to Homeamerican. *See* id. at ¶ 8. Approximately six months later, the Debtors refinanced the Property with Homeamerican and executed a second mortgage deed. Both mortgage deeds were signed by both Debtors. *See id.*

One year later, the Debtors again sought to refinance the Property. *See id.* at ¶ 10. This time, however, the refinancing was done through Defendant Cendant. *See, e.g., id.* at ¶¶ 10–20. It is undisputed that Debtor Suzanne Jakab was not named on the Cendant mortgage deed. *See id.* at. ¶ 18. Likewise, there is no dispute that Debtor Suzanne Jakab did not sign the Cendant mortgage deed, even though she had been involved in the application process. *See id.* at ¶¶ 12–13, 19–20.

Debtors Michael and Suzanne Jakab filed for relief under chapter13 of the Bankruptcy Code on January 25, 2002. *See id.* at ¶ 5. The Property was listed on Schedule A of their bankruptcy petition as the "homestead held by them as Tenants by the Entirety," *id.* at ¶ 21, and on Schedule C as "exempt from all of their creditors as Tenants by the Entirety, homestead exemption and wild-card exemption." *Id.* at ¶ 22. Further, on their Schedule F, the Debtors listed Cendant's claim as unsecured, *see id.* at ¶ 25, and, similarly, treated the Cendant claim as unsecured in their chapter 13 plan. *See id.* at ¶ 26. Cendant did not file an objection to the Debtors'

claimed exemptions nor to the chapter 13 plan. The Debtors' plan was confirmed on March 7, 2002. *See* Finding and Order Confirming Chapter 13 Plan (doc. # 22).

The sole issue before the Court is whether the Cendant mortgage deed encumbering property owned by both Debtors as husband and wife, but signed only by Debtor Michael Jakab, is voidable.

## II. DISCUSSION

### A. Standard for Summary Judgment

Summary judgment is proper only if the record shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); FED. R. BANKR. P. 7056. A genuine issue exists only when "the evidence is such that a reasonable [trier of fact] could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. *See Anderson*, 477 U.S. at 247, 106 S.Ct. 2505. Factual disputes that are irrelevant or unnecessary are not material. *See id.* Furthermore, materiality is determined by assessing whether the fact in dispute, if proven, would satisfy a legal element under the theory alleged or otherwise affect the outcome of the case. *See id.* The court must view all the evidence in the light most favorable to the nonmoving party and draw all inferences in the nonmovant's favor. *See Cruden v. Bank of New York*, 957 F.2d 961, 975 (2d Cir.1992). In making its determination, the court's sole function is to determine whether there is any material dispute of

fact that requires a trial. *See Anderson*, 477 U.S. at 249, 106 S.Ct. 2505; *see also Delaware & Hudson Ry. Co. v. Con. Rail*, 902 F.2d 174, 178 (2d Cir.1990).

### B. Vermont's Statutory Requirements

Vermont law sets specific requirements for conveying real property declared to be a homestead:

> (a) A homestead or an interest therein shall not be conveyed by the owner thereof, if married, except by way of mortgage for the purchase money thereof given at the time of such purchase, *unless the wife or husband joins in the execution and acknowledgment of such conveyance.* A conveyance thereof, or of an interest therein, not so made and acknowledged, shall be inoperative so far only as relates to the homestead provided for in this chapter.

VT. STAT. ANN. tit. 27, § 141(a) (1998) (emphasis added).

### C. Case Law

■ State law determines the relative ownership interests of the parties. *See Butner v. United States*, 440 U.S. 48, 55–56, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979).

Both parties cite *Estate of Girard v. Laird*, 159 Vt. 508, 621 A.2d 1265 (1993), in support of their respective positions regarding the subject mortgage. In *Girard*, a parcel of real property in Barre, Vermont had been conveyed from parents to son. *See id.* at 509, 621 A.2d 1265. Thereafter, the son, Sydney Girard, married Sharon Houle, and they had a child, Jonathan. *See id.* The couple separated, and Sharon and Jonathan moved out of the Barre home. *See id.* Subsequently, Sydney conveyed the Barre property back to his parents, though he continued to live there. *See id.* Thereafter, Sydney and Sharon were divorced, and pursuant to their stipulated divorce decree, Sydney

was awarded the Barre property. *See id.* Through later transfers, record title to the Barre property was eventually held by Sydney's aunt, Justina Laird. *See id.* When Sydney died in 1990, Sharon and Jonathan challenged the conveyance of the Barre property. *See id.* They claimed the conveyance of the property from Sydney to his parents was void since Sharon "did not join in it to convey her homestead interest." *Id.* Sharon's challenge was based on earlier Vermont cases in line with *Martin v. Harrington*, 73 Vt. 193, 50 A. 1074 (1901), which held that under 27 V.S.A. § 141(a) a deed to a homestead property, executed by only one spouse, is void *ad initio* for noncompliance with the statute. The lower court, however, held that the "defect made the conveyance only voidable by Sharon. Because Sharon failed to void the conveyance before the divorce, and she lost all interest in the property in the divorce, ... the conveyance was no longer voidable." *Id.* at 509–10, 621 A.2d 1265. Hence, the lower court ruled against Sharon, allowing Justina Laird to retain the property. In addition to affirming the lower court, the Vermont Supreme Court specifically overruled *Martin*. *See id.* at 513, 621 A.2d 1265. It clarified that if the non-signing spouse retains an interest in the property defectively conveyed, then the conveyance is voidable, but once the non-signing spouse's interest in the property is extinguished—such as by a divorce decree— the non-signing spouse no longer has standing to void the conveyance. *See id.* at 515–16, 621 A.2d 1265.

Other Vermont cases are also pertinent to the instant issue. In *Bellows Falls Trust Co. v. Gibbs*, the Vermont Supreme Court instructed that "tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate. *Neither spouse has a*

*share which can be disposed of or encumbered without the joinder of the other spouse.*" 148 Vt. 633, 534 A.2d 210 (1987) (mem.) (internal citations omitted) (emphasis added). Thus, where future advances were authorized by only one of the tenant-spouses, the court concluded that the note evidencing those advances was not secured by either tenant-spouse's interests in the entirety property. *See id.*

Relying on *Gibbs,* a Vermont chapter 7 bankruptcy trustee argued in this Court that future advances made to only one of the mortgagors against property that was originally held as tenants by the entirety were unsecured. *See Glinka v. Federal Deposit Insurance Corp. (In re Hawkins),* 156 B.R. 745, 748 (Bankr.D.Vt.1993) (Conrad, J.). The Bankruptcy Court found the facts before it to be distinguishable from *Gibbs* and entered judgment against the trustee. *See id.* at 749–50. Though the issue in *Hawkins* was not identical to that in the case at bar, its ruling helps to clarify the parameters of the present question. The *Hawkins* mortgagors were a husband and wife who owned three parcels of land as tenants by the entirety, but who, significantly, were divorced at the time the debtor-husband borrowed the subject additional monies under the future advance clause of the mortgage. *See id.* at 748–49. The Court held that the ex-spouse-debtor was still a "borrower" under the mortgage and his property remained subject to the bank's lien "both because he was originally individually liable and because he is the successor to the jointly liable tenancy by the entirety." *Id.* at 749. By contrast, the Court held that since the ex-wife's prior debt was paid off, her liability to the lender and the lender's lien against her were extinguished. *See id.* Judge Conrad specifically noted that this holding did not conflict with *Gibbs,* "Rather, it sustains and advances the reasoning of [*Gibbs* ] by both permitting and restricting Debtor to

use only the property he received in the divorce settlement as security for his own loans." *Id.* at 750.

■ The reasoning of Gibbs, Hawkins and *Girard* provide a consistent formula for applying 27 V.S.A. § 141(a) to varying fact patterns. In both *Hawkins* and *Girard,* a subsequent divorce extinguished an ex-spouse's interest in homestead property. In *Hawkins,* the tenancy by the entirety ceased to exist by virtue of a divorce decree, and therefore, the court held that a subsequent conveyance of an interest in that property no longer required consent of the ex-spouse. Similarly, in *Girard* the court held that the couple's divorce decree extinguished the ex-spouse's right to declare a homestead interest in property, and consequently deprived the ex-wife of standing to contest the conveyance of the former homestead property. This is not inconsistent with· *Gibbs,* where the court held that neither spouse could convey an interest in that property without the joinder of the other because the owners of the subject property were still husband and wife, and still owned the property as tenants by the entirety. *Gibbs* instructs unequivocally that any attempted conveyance by only one spouse of an interest in property held as a tenancy by the entirety is void.

Taken together, the *Hawkins, Gibbs* and *Girard* cases lead to two conclusions: first, that a tenancy by the entirety insulates both co-tenants from any voluntary encumbrance on the entirety interest (such as a mortgage) that only one co-tenant authorizes; and second, that the *sine qua non* for this protection is the existence of the tenancy by the entirety at the time of the conveyance.

### D. The Instant Case

#### 1. Eligibility for Relief under 27 V.S.A. § 141(a)

■ Under Vermont law, the real estate interest owned by Michael and Su-

zanne Jakab is known as a tenancy by the entirety and is actually two coincident ownerships of the entire fee interest; each spouse owns an identical interest and the two interests are indivisible from each other. *See Gibbs,* 148 Vt. at 633, 534 A.2d 210. ("In Vermont, tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate. Neither spouse has a share which can be disposed of or encumbered without the joinder of the other spouse." (citation omitted)); *see also Hawkins,* 156 B.R. at 749 (recognizing *Gibbs* for the "simple proposition that property held by the entirety cannot be encumbered by either spouse acting alone," in applying 27 V.S.A. § 141(b)). Hence, under Vermont law, neither Michael Jakab nor Suzanne Jakab may convey or encumber the entirety interest without the express, written consent and participation of the other co-owner.

 The parties agree that the Cendant mortgage was not executed by Debtor Suzanne Jakab and request the Court's determination whether the lack of her signature invalidates that mortgage. The circumstances of this adversary proceeding are distinct from both the *Hawkins* and the *Girard* cases. Since the Debtors are both named on the deed as title owners to the property, *see* Stipulated Facts at ¶ 7, we are not dealing here with a spouse who

asserts a violation of her homestead rights, as in *Girard,* but, rather, with a spouse who contests the validity of an encumbrance upon her tenancy by the entirety. Nor is this fact pattern analogous to *Hawkins,* where the exspouse's tenancy interest was extinguished prior to the subject encumbrance, because there is no question in this instance that the subject property was owned by both Debtors at the time of the mortgage to Cendant. *See* Stipulated Facts at ¶¶ 16–17[1]. Rather, the co-debtors present themselves in circumstances quite similar to those presented in the *Gibbs* case, *see Gibbs,* 148 Vt. at 633, 534 A.2d 210. Only one of the co-tenants executed the conveyance of an interest in the entirety property. In order to be a valid conveyance under 27 V.S.A. § 141(a) both spouses would have had to execute the subject mortgage. Based upon the stipulated facts of this case and the controlling case law from this Court and the Vermont Supreme Court, I conclude that the Cendant mortgage is void, pursuant to 27 V.S.A. § 141(a)[2].

### 2. Proper Plaintiff for Obtaining Relief

 As a procedural matter, and to address the procedural issue argued by the Defendant, I find that the Trustee and the Debtors are proper joint Plaintiffs. Since the Debtors are in a chapter 13 case, their respective rights to pursue this relief are

1. In fact, the description of the property included on the mortgage "described the subject property as owned by Plaintiffs Michael and Suzanne Jakab." *Id.* at ¶ 17.

2. It is important to distinguish the case at bar from this Court's decision in *In re Cerreta,* 116 B.R. 402 (Bankr.D.Vt.1990) (Conrad, J.), and from those instances where the transfer in question is involuntary. In *Cerreta,* this Court instructed that a judgment lien against one co-tenant spouse is unenforceable against the tenancy by the entirety, but is not void. *See id* at 405 n. 5. Rather, in that scenario, a lien holder has a valid lien but it can be enforced only if and when the judgment debtor's inter-

est in the subject property is distinct from the tenancy by the entirety. *See id.* That same rule could logically be applied here, were it not for the mandates of 27 V.S.A. § 141(a). However, the Vermont legislature has enacted a statute specifically prohibiting *voluntary* transfers of property held in a tenancy by the entirety unless both co-tenants effect the transfer. In this case, the transfer was the granting of a mortgage which is clearly voluntary; therefore, this conveyance must comply with 27 V.S.A. § 141 in order to be valid. Thus, unlike the involuntary transfer discussed in *Cerreta,* the subject Cendant mortgage will never be enforceable.

property of the estate under § 541(a) of the Bankruptcy Code[3]. Hence, the case Trustee and Debtors are indeed the proper Plaintiffs for the relief being sought. *See* 11 U.S.C. § 323(a) and (b) (the trustee is the representative of the estate and has capacity to sue and be sued); *see also Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515–16 (holding that a chapter 13 debtor shares standing with the chapter 13 trustee to pursue a cause of action that is property of the estate).

### 3. Intent

■ I have also considered the Defendant's argument that Suzanne Jakab intended to be bound by the Cendant mortgage, and find it unpersuasive. Whether the non-signing co-tenant intended to be bound by the subject conveyance is not one of the criteria articulated in 27 V.S.A. § 141 for determining the validity of a conveyance of property owned by the entirety. Even assuming, *arguendo*, that this Court, as a court of equity, should always consider principles of equity in construing statutes and, therefore, should take into account the intent of the Suzanne Jakab, Cendant has not presented any evidence that Ms. Jakab intended to be bound by the mortgage to Cendant. *See* Stipulated Facts at ¶¶ 14–19.

### 4. Applicability of Trustee's Avoiding Powers

■ As alternative grounds for relief, the Plaintiffs assert they are entitled to relief afforded by the Trustee's avoiding powers and rely specifically on 11 U.S.C. § 544(a). Trustees may avoid certain transfers, if they are procedurally defective, for the benefit of the estate. *See, e.g., Sensenich v. Mortgage Lenders Network, USA (In re Potter)*, A.P. No.: 01–1031, slip op. (Bankr.D.Vt. Sept. 21, 2001), *aff'd, Mortgage Lenders Network, USA v. Sensenich*, No.1:01CV335 (D.Vt. Jan. 22, 2002) (chapter 13 trustee has unique statutory rights under 11 U.S.C. § 544(a) to avoid defective mortgages); *Sensenich v. Peoples Trust Co. of St. Albans (In re Rebello)*, A.P. No: 02–1015, slip op. (Bankr.D.Vt. Sept. 23, 2002); *cf., In re SSL Corp.*, 26 F.3d 302 (2d Cir.1994) (affirming holding that trustee could not avoid mortgage that had been defectively executed because defect had been cured pre-petition, bringing mortgage in compliance with Vermont's execution requirements).

Cendant disputes the applicability of the Trustee's avoiding powers to the subject conveyance. However, having found that the property was held as a tenancy by the entirety at the time of the conveyance; that Suzanne Jakab is still, and at all relevant times was, a titled owner of the homestead; that Suzanne Jakab is still in possession of her homestead interest in the Property; and that the Plaintiffs are entitled to void the mortgage because of the conveyance of the mortgage fails to comply

---

3. Section 541(a) of the Bankruptcy Code reads in part:

> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
> (1) Except as provided in subsections (b) and (c)(2) of this section, all legal or equitable interests of the debtor in property as of the commencement of the case.

> (2) All interests of the debtor and the debtor's spouse in community property as of the commencement of the case that is—
> (A) under the sole, equal, or joint management and control of the debtor; or
> (B) liable for an allowable claim against the debtor, or for both an allowable claim against the debtor and an allowable claim against the debtor's spouse, to the extent that such interest is so liable.
> . . .

**628**

with the mandates of 27 V.S.A. § 141(a), we need not address whether the conveyance is subject to avoidance under the Trustee's avoiding powers.

### III. CONCLUSION

I find that the parties have stipulated to all of the material facts, that there is no genuine dispute as to any material fact, and thus that the granting of summary judgment is proper in this case. Based upon the stipulated facts and controlling case law, I find the Plaintiffs are entitled to judgment as a matter of law. Since the subject mortgage deed was not executed by both Debtors, as required by 27 V.S.A. § 141(a), and the Trustee and Debtors have properly brought the adversary proceeding to obtain the relief Debtors are entitled to under state law, the Court declares the mortgage to be void, grants the Plaintiff's motion for Summary Judgement and denies the Defendant's Cross–Motion for Summary Judgment.

This Memorandum of Decision constitutes the Court's finding of facts and conclusion of law.