Alexandra EVANS,

v.

Douglas J. WOLINSKY, in his capacity as Chapter 7 Trustee in the bankruptcy estate of Phillip J. Sentner, II.

No. 1:06 CV 51.

United States District Court,
D. Vermont.

July 20, 2006.

Kathleen Walls, Law Office of Kathleen Walls, P.L.C., Middlebury, VT, for Alexandra Evans.

Keith A. Roberts, Primmer, Piper, Eggleston & Cramer PC, Burlington, VT, for Douglas J. Wolinsky, in his capacity as Chapter 7 Trustee in the bankruptcy estate of Phillip J. Sentner, II.

## MEMORANDUM OF DECISION

MURTHA, District Judge.

Douglas Wolinsky, in his capacity as Chapter 7 trustee for the bankruptcy estate of Phillip J. Sentner, II (hereinafter "the Debtor") initiated this adversary proceeding to avoid the Debtor's allegedly fraudulent pre-petition transfer of his interest in property he held with Appellant–Defendant Alexandra Evans as tenants by the entirety.

The parties agree there are no material facts in dispute. *See* Brief of Appellee (Paper 9) at 2; Brief of Appellant (Paper 8) at 1. Accordingly, the Court accepts the Bankruptcy Court's finding that the following material facts are undisputed:

> The Debtor and the Defendant were married in December 1988 and subsequently purchased a home in Peacham, Vermont as tenants by the entireties in 1996 .... The Debtor's interest in the home in Peacham Vermont is the subject of this adversary proceeding and will be referred to as the "Property." In August 2003, the Debtor and the Defendant were experiencing marital difficulties and the Defendant asked the Debtor to give her a quit claim deed of his interest in the Property, which he did .... The defendant did not file the deed in the land records until July 9, 2004 .... The Debtor filed a petition under chapter 7 on November 5, 2004 (the "Petition Date"). As of the Petition Date, the Debtor and the Defendant had no joint debt other than a home equity line of credit which has since been satisfied .... The Debtor filed for divorce on January 11, 2005 ... and the divorce was final on March 14, 2005 ....

Memorandum of Decision, 2006 WL 1666193 (filed Feb. 9, 2006) at 2 (citations to record omitted).

Based on these facts, the Bankruptcy Court found "that although an individual creditor of the Debtor could not have levied a lien against the Property as of the Petition Date, that individual creditor could have perfected a judgment lien" and therefore determined that the trustee is entitled to pursue a fraudulent conveyance action based upon the pre-petition transfer by quit claim deed. *Id.* at 4.

On March 22, 2006, this Court granted leave to file this interlocutory appeal because it presents no disputed material facts, "involves a controlling question of law as to which there is substantial ground for difference of opinion and ... an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re C.R. Davidson Co., Inc.*, 232 B.R. 549, 553 (2d Cir. BAP 1999) (quoting 28 U.S.C. § 1292(b)). The dispositive legal question in this appeal is whether, under these circumstances, the Debtor's pre-petition interest in a property held as tenants by the entirety becomes part of Debtor's bankruptcy estate and therefore can be reached by his creditors.

It is fundamental that "[a] bankruptcy estate generally comprises all property in which a debtor has an interest at the time the petition is filed." *Marine Midland Bank v. Scarpino*, 113 F.3d 338, 340 (2d Cir.1997). Such "[p]roperty interests are created and defined by state law. Unless some federal interest requires a different result, there is no reason why such interests should be analyzed differently simply because an interested party is involved in a bankruptcy proceeding." *Butner v. United States*, 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

The parties have identified no such "federal interest" and therefore the Court looks to Vermont law to define the property interest at issue. "In Vermont, tenants by the entirety are viewed as being individually vested, under a legal fiction, with title to the whole estate.... Neither spouse has a share which can be disposed of or encumbered without the joinder of the other spouse." *Bellows Falls Trust Co. v. Gibbs*, 148 Vt. 633, 534 A.2d 210 (1987) (citations omitted).

Under Vermont law, "a fraudulent conveyance cannot be predicated on homestead property" because "[o]ne cannot be said to be seeking to avoid creditors by conveying only property which is exempt from attachment anyway." *Abbadessa v. Tegu*, 122 Vt. 338, 340, 173 A.2d 153 (1961). Accordingly, for the purpose of considering allegedly fraudulent transfers, Vermont defines an "asset" subject to transfer as "property of a debtor, but the term does not include ... an interest in property held in tenancy by the entireties to the extent it is not subject to process by a creditor holding a claim against only one tenant." 9 V.S.A. § 2285(2)(C); *see* 9 V.S.A. § 2285(11)("transfer" means disposing of an "asset").

On the undisputed facts, the Property Debtor conveyed was held by both parties as tenants by the entirety at the time of the transfer. Under Vermont law, therefore, the Property could not be encumbered by only naming one tenant, was not defined as an "asset" under state fraudulent conveyance law, and otherwise was not available to Debtor's creditors before or at the time of the transfer. If, at the time prior to the transfer, the bankruptcy estate could not assert any rights to the Property, then it is unclear how the Debtor's quitclaim to another tenant by the entirety transforms that otherwise unavailable asset into one upon which the trustee can make a claim. *See Cooper v. Cooper*, 173 Vt. 1, 20, 783 A.2d 430 (2001) ("It is true that, when spouses hold property as tenants by the entirety, neither spouse has a share that can be disposed of or encumbered without joinder of the other spouse.").

*In re Cerreta*, 116 B.R. 402 (Bankr.D.Vt. 1990), supports this conclusion by suggesting that, under these circumstances, no interest in the Property becomes part of this Debtor's estate. In that case, the Bankruptcy Court held "that based on Vermont case and statutory law a spouse's interest in an estate by the entireties is immune from execution by a sole creditor of that spouse, and thus, is exempt from the bankruptcy estate by virtue of 11 U.S.C. § 541." *Id.* at 403. The Court further concluded that under applicable Vermont Law, "the entirety property interest a Trustee can reach is only that which a joint creditor may reach, and no more, because Trustee can acquire no greater rights at the case's commencement than any joint creditor." *Id.* at 405.

Here, there admittedly was no joint creditor of Debtor and Ms. Evans, and no lien had been perfected. Absent such a lien filed by a joint creditor, there was no property interest in the Debtor which was reachable by creditors at the time of the transfer between the two tenants by the entirety. *See In re Forant*, 331 B.R. 151, 155 (Bankr.D.Vt.2004) (estate is comprised of all interests "existing as of the commencement of the case"). Absent a properly perfected judgment lien actually in existence at the time of the transfer, it is difficult to see how Debtor's estate, in fact, has been diminished by the transfer of real property which is not an "asset" as defined by Vermont law. *See In re Hutchins*, 306 B.R. 82 (Bankr.D.Vt.2004) (indicating a properly perfected lien may constitute a valid encumbrance on property held as a

tenancy by the entireties); *Purcell v. FDIC*, 141 B.R. 480, (Bankr.D.Vt.1992) (concluding "the plain language" of 12 V.S.A. § 2901 requires "recording of a Judgment Order" to create a lien.), *aff'd*, 150 B.R. 111 (D.Vt.1993); *cf. Branton v. Gen. Elec. Credit Auto Lease, Inc.*, 24 B.R. 44, 45 (Bankr.D.Vt.1982) (a lien created by recording a judgment is a "judicial lien" which "may be avoided if it impairs an exemption.").

The Bankruptcy Court's Decision Denying the Defendant's Motion for Summary Judgment is REVERSED, and the matter is remanded for entry of summary judgment in favor of Appellant–Defendant Alexandra Evans.

SO ORDERED.